UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| CFP NEW ORLEANS, LLC | CIVIL ACTION |
| VERSUS | NO. 16-15474 |
| ORLEANS PARISH JUDICIAL DISTRICT COURT BUILDING COMMISSION, JUDGE KERN REESE, AND JUDGE CHRISTOPHER BRUNO | SECTION "N"- KDE -JVM |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Defendant Orleans Parish Judicial District Court Building Commission ("JBC"). Having carefully reviewed the parties' submissions, the remainder of the record in this matter, and applicable law, **IT IS ORDERED** that the motion (Rec. Doc. 40) is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

Specifically, the motion for summary judgment is **GRANTED** relative to Plaintiff CFP New Orleans, LLC's ("CFP") claim for the $467,564.00 expended by Civic Development Collaborative ("CDC") to obtain "site control" of the Canal Street and Cleveland Avenue immovable properties at issue here. Even construing the evidence in Plaintiff's favor, as the Court must on summary judgment, Plaintiff CFP has failed to demonstrate the existence of a triable issue of fact relative to the JBC's alleged obligation to reimburse either CFP or CDC for these funds.

1

In short, the parties' legal obligations are addressed in a twenty-page written contract – the "Professional Services Agreement" ("PSA") – entered into by CFP and the JDC in December 2014, with an effective date of February 18, 2014, that was executed after *months* of meetings and communications amongst sophisticated parties having the benefit of counsel. Significantly, however, though $180,000 of the $476,564.00 that CFP seeks to recover for land acquisition were expended by CDC months before the December 2014 execution date of the PSA, *nothing* was included in the contract to establish the JDC's ultimate responsibility for those amounts or any other sums necessary for further extensions of time. Rather, although the third "Whereas" clause of the PSA expressly acknowledges that CDC has entered into a purchase agreement relative to immovable property to serve as the situs for the anticipated courthouse, Article III, Section 2(A)(3) of the PSA simply provides for CFP and JBC, during Phase 1, to "negotiate and enter into a definitive binding agreement for the purchase of the property, *on terms and conditions satisfactory to JBC in its sole discretion.*"[1]

As set forth in the Court's prior Order and Reasons (Rec. Doc. 25), had CFP wanted a different rule to apply relative to the immovable property in question, such a provision seemingly could have easily being included in the parties' *written* agreement. CFP did not, however, and cannot now simply ignore the provisions of the parties' written contract that are unfavorable to its position. Furthermore, though CFP avers reliance on Judge Reese's alleged verbal directives to CFP and CDC regarding "site control" (without ever requiring written proof of bylaws and/or resolutions authorizing such measures by a public body relative to immovable property), no evidence is cited reflecting any assertion by Judge Reese that the JBC would actually *pay* for the expenses he purportedly sought to have CDC bear.

---

[1] *See* Rec. Doc. 40-3, p. 6 of 19 (emphasis added).

Finally, given the significant financial development fees potentially payable to CFP under the PSA, and the substantial potential earnings that CDC's planned development of a parking garage (and other improvements) on an adjoining part of the property in question would provide, it is hardly that inconceivable both CFP or CDC willingly chose to forego any opportunity to recover the costs of site control from the JBC. Indeed, it was only when the JBC terminated the contract in October 2015 that any charges for site control of the land to be utilized for the future courthouse appeared on any of CFP's invoices to the JBC.[2]

With respect to the additional sums sought by CFP relative to "Development Fees" or additional reimbursement for "Professional Architectural Services" (*see* Rec. Doc. 43-4, p. 12 of 122), Defendant JBC's motion for summary judgment is **DENIED**. A careful review of the parties' written submissions reveals the existence of disputed material facts regarding the $343,451.33 paid by JBC on July 21, 2015 that are appropriately determined at trial with the benefit of live testimony.[3]

New Orleans, Louisiana, this 3rd day of May 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* Rec. Doc. 43-4, p. 7 of 122 - p. 13 of 122, and p. 21 of 122.
[3] *Id.; see also*; Rec. Doc. 40-5 (including the July 7, 2015 email from Pat Tobler to Pat Gootee and George Bendick); Rec. Doc. 43-3, p. 5 of 5; Rec. Doc. 43-4, p. 2 of 122- p. 5 of 122; Rec. Doc. 43-5.